# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIAMOND JARVIS JEFFERSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-48-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Diamond Jarvis Jefferson appeals the 60-month, above-guidelines term of imprisonment he received for his fourth revocation of supervised release. Jefferson's conviction in 2008 was for possession of cocaine base with intent to distribute.

Jefferson did not object to the sentence during the revocation hearing. He subsequently moved under Federal Rule of Criminal Procedure 35(a) to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"correct" the sentence based on the court's alleged failure to explain its "deviation" from the Guidelines, or alternatively, to "reconsider" the sentence.

Rule 35(a) permits the district court to correct a sentence resulting from "arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). It is a "narrow authority" which "extends solely to cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." *United States v. Olarte-Rojas*, 820 F.3d 798, 803-04 (5th Cir. 2016) (internal quotation marks and citation omitted). Jefferson does not identify an arithmetical, technical, or other clear error which would almost certainly result in remand. He has not raised a proper ground under Rule 35(a), and our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

A district court must give "some explanation" for a revocation sentence outside the advisory policy statement range, *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009), but the court "need not engage in a checklist recitation of the [18 U.S.C.] section 3553(a) factors." *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012) (internal quotation and citation omitted). Our review of a sentence imposed upon revocation of supervised release is more deferential than our review of an original sentence. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Here, the district court gave "some explanation" for sentencing Jefferson above the policy statement range. The court noted its extensive familiarity with the case and indicated its intent for Jefferson to be "off paper" and able to "move on" after serving his sentence. The court explicitly considered the Guidelines policy statement and a letter from Jefferson's wife and implicitly considered the arguments of Jefferson's counsel and Jefferson's own statement.

No. 18-50562

In a written order, the court referenced "the ends of justice and the best interests of the public." In sum, the record reflects that the district court adequately considered the § 3553(a) factors. *See Kippers*, 685 F.3d at 499 (finding a revocation sentence sufficient when the record reflected that the court had considered relevant sentencing factors); *Whitelaw*, 580 F.3d at 261-62 (finding the district court's sentencing explanation was sufficient because it showed that the court considered the parties' arguments and had a reasoned basis for its decision). Jefferson has not shown clear or obvious error. *See Puckett*, 556 U.S. at 135.

Moreover, Jefferson has not shown how the alleged error affected his substantial rights. He has not shown that additional explanation would have changed the sentence imposed. *See Whitelaw*, 580 F.3d at 263-64.

Accordingly, the district court's order is AFFIRMED.